IN THE SUPREME COURT OF THE STATE OF DELAWARE

WILLIAM BARRALL,                     §
                                     § No. 20, 2019
    Defendant Below,                 §
    Appellant,                       § Court Below—Superior Court
                                     § of the State of Delaware
    v.                               §
                                     § Cr. ID No. 1201003157 (S)
STATE OF DELAWARE,                   §
                                     §
    Plaintiff Below,                 §
    Appellee.                        §

Submitted:  March 7, 2019
Decided:    April 23, 2019

Before **VAUGHN**, **SEITZ**, and **TRAYNOR**, Justices.

## **ORDER**

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1)     The appellant, William Barrall, filed this appeal from the Superior Court's denial of his motion for sentence review. The State has moved to affirm the judgment below on the ground that it is manifest on the face of Barrall's opening brief that his appeal is without merit. We agree and affirm.

(2)     In 2012, Barrall was indicted for twenty-five counts of Dealing in Child Pornography. He pleaded guilty to four of the counts, in exchange for which the State agreed to dismiss the remaining charges. For each of the four counts to which Barrall pleaded guilty, the Superior Court sentenced him to twenty-five years of

Level V incarceration, suspended after three years for ten years of probation. The court ordered that the probationary terms were to run consecutively, resulting in a total sentence of twelve years of incarceration followed by forty years of probation.

(3)     In 2012 and 2013, Barrall filed motions for sentence modification. The Superior Court denied both motions. Barrall appealed the denial of the second motion, and this Court affirmed.[1] In 2018, Barrall filed a motion for sentence review. Citing Superior Court Rule 35(b), the Superior Court denied the motion because the court found no extraordinary circumstances warranting review of the sentence more than ninety days after the sentence was imposed. This appeal followed.

(4)     Barrall's motion challenged, on various grounds, the length and conditions of his probation. Rule 35(b) provides that the Superior Court will consider a defendant's application for a reduction of sentence "made more than 90 days after the imposition of sentence only in extraordinary circumstances." It also provides, however, that the Superior Court may "reduce the fine or term or conditions of partial confinement or probation, at any time." Because Barrall's motion sought a reduction of the term of probation and modification of the conditions of probation, the State concedes that the time limitation established in Rule 35(b) does not bar Barrall's motion.

---

[1] *Barrall v. State*, 2013 WL 4538593 (Del. Aug. 23, 2013).

(5) Nevertheless, we affirm the Superior Court's denial of the motion on the alternative grounds that the motion was repetitive.[2] Rule 35(b) provides that "[t]he court will not consider repetitive requests for reduction of sentence." Barrall has brought two previous motions for sentence modification, both of which were denied. "Rule 35(b) does not set forth any exception to the repetitive motion bar."[3] "A motion is 'repetitive' as that term is used in Rule 35(b) when it is preceded by an earlier Rule 35(b) motion, even if the subsequent motion raises new arguments."[4] Barrall's motion was repetitive and therefore was appropriately denied.[5]

NOW, THEREFORE, IT IS ORDERED that the Motion to Affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[2] *See Unitrin, Inc. v. Am. Gen. Corp.*, 651 A.2d 1361 (Del. 1995) (stating that this Court may affirm a trial court's decision "on the basis of a different rationale than that which was articulated by the trial court"). *See also Teat v. State*, 2011 WL 4839042 (Del. Oct. 12, 2011) (affirming a Superior Court order denying a motion for sentence modification as untimely on the "independent and alternative grounds that the motion was repetitive").

[3] *State v. Culp*, 152 A.3d 141, 144 (Del. 2016).

[4] *Id.*

[5] With respect to Barrall's arguments concerning the conditions of his probation, after he begins serving probation, Barrall may be able to work with the Department of Correction to "attempt to tailor a reasonable set of protective provisions that would allow him to have some greater flexibility in these important areas, but in a way that is safe for children and the public," and to petition the Superior Court, as necessary, to seek modification of the conditions of his probation. *Wilkerson v. State*, 2017 WL 5450747, at *3 n.10 (Del. Nov. 13, 2017).